No. 81-517

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

DAN BUKVICH, KATIE MURRAY
and LEO JACOBSEN,

                          Plaintiffs and Appellants,

    vs.

BUTTE-SILVER BOW, a political
subdivision of the State of
Montana, and DONALD PEOPLES, et al.,

                          Defendants and Respondents.

---

Appeal from:  District Court of the Second Judicial District,
              In and for the County of Silver Bow
              Honorable Robert Boyd, Judge presiding.

Counsel of Record:

    For Appellants:

        Jardine, McCarthy & Grauman, Whitehall, Montana
        John Jardine argued, Whitehall, Montana

    For Respondents:

        Robert McCarthy argued, County Attorney, Butte, Montana
        Ross P. Richardson argued, Deputy County Attorney,
         Butte, Montana

---

                        Submitted:  July 15, 1982

                          Decided:  September 9, 1982

Filed:  SEP - 9 1982


_____
                        Clerk

Mr. Justice Gene B. Daly delivered the following Opinion of the Court.

This case centers around a pay dispute between the appellants, Dan Bukvich, the clerk of the District Court, Katie Murray, the auditor, and Leo Jacobsen, the coroner; and respondents, Butte-Silver Bow, a political subdivision of the State of Montana, Don Peoples, its chief executive, and its active council of commissioners.

Appellants are duly elected and qualified officials of Butte-Silver Bow. They contend that their salaries were fixed by the passage of resolution no. 325 and not ordinance no. 134, as the respondents contend.

Appellants petitioned the District Court for a writ of mandate to require the respondents to pay the salaries as set out in the resolution.

Respondents filed a motion to dismiss and a motion to quash appellants' petition for a writ of mandate. The District Court granted both motions and this appeal ensued.

The sole issue here is whether the District Court erred in granting respondents' motion to dismiss and motion to quash appellants' petition for a writ of mandate.

This Court is unable to make any determination on this issue at this time because the record on appeal is incomplete. The resolution is a key in this situation and in looking at the record we are unable to tell what was contained in it or how it was passed. Without this information, it is impossible for us to render a decision.

We, therefore, order that the lower court proceedings be vacated and that a hearing be held to determine exactly what this so-called resolution is and the manner in which it was passed.

This case is remanded for further proceedings to be conducted in accord with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justice

- 3 -