No. 84-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DAN BUKVICH, KATIE MURRAY, and
LEO JACOBSEN,

        Plaintiffs and Respondents,

    -vs-

BUTTE-SILVER BOW, a political
subdivision of the State of
Montana, and DONALD R. PEOPLES,
its Chief Executive, et al.

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellants:

        Robert M. McCarthy argued, County Attorney, Butte,
Montana:  Ross P. Richardson argued, Deputy County
Atty., Butte, Montana

    For Respondents:

        John J. Jardine argued, Whitehall, Montana

---

Submitted:   January 23, 1985

Decided:   March 8, 1985

Filed: MAR 8 1985

*Ethel M. Harrison*

—————————————————————————
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

This case is before this Court a second time. In July 1981, the respondents, several elected officials of Butte-Silver Bow, sought a writ of mandate in the District Court to compel the appellants, Butte-Silver Bow, to pay them salaries in accord with the schedule of salaries used to determine the Butte-Silver Bow 1980-81 fiscal budget. The appellants, claiming that the budget figures were only estimates and not an amount required to be paid, successfully moved to quash the petition for writ and to dismiss. The respondents then appealed from that District Court order.

This Court was unable to make a determination on that appeal because the record was incomplete as to the nature of the budget resolution and the manner in which it passed. The resulting disposition was a remand for further hearing on that matter. See, Bukvich v. Butte-Silver Bow (Mont. 1982), 650 P.2d 783, 39 St.Rep. 1727.

On remand the District Court held for the respondents and required the appellants to pay the salary figure used to determine the budget. This appeal followed.

We address two issues that are presented for review:

1. Whether a local government with self-government powers has the power to revise a salary schedule as it is set forth in a final budget if such revision is done in accord with the applicable laws.

2. Whether Butte-Silver Bow, as a local government with self-government powers, revised the salary schedule set forth in its final budget in accord with the applicable law.

We find that the first issue must be answered in the affirmative, but the second issue must be answered in the negative. We, therefore, affirm in part and reverse in part.

Butte-Silver Bow is a charter form of government. A charter form of government possesses self-government powers, § 7-3-702, MCA, and it may exercise any power not prohibited by the constitution, law, or charter. Section 7-1-101, MCA. However, the budget matters of a local government with self-government powers are governed by state law. Section 7-1-114(g), MCA. County budget matters are governed by §§ 7-6-2301 through 7-6-2352, MCA, and municipality budget matters are governed by §§ 7-6-4201 through 7-6-4255, MCA.

Butte-Silver Bow is neither a county nor a municipality. It is a consolidated government. A consolidated government must adopt either the county or municipality provisions whenever the existing provisions conflict. Section 7-5-201, MCA. Butte-Silver Bow did adopt provisions regulating their budget matters. Ordinance 39, adopted by Butte-Silver Bow in 1977, established the budget procedures for Butte-Silver Bow. This adopted procedure is essentially the same as § 7-6-4201 through 7-6-4255, MCA, the municipal budget law, and, as far as is relevant to this case, the adopted provisions are in accord with the Montana law governing budget matters.

The code section and the ordinance section that govern budget matters and that apply to the salary issue here state that upon a resolution adopted by the council at a regular or special meeting and entered upon its minutes, transfers or revisions within the general class of salaries and wages in the budget appropriation may be made, provided that no salary shall be increased above the amount appropriated therefor.

Section 7-6-4236, MCA; Butte-Silver Bow Ordinance 39, §
8(1)(1977).

We find that a local government with self-government
powers may revise a salary schedule that has been set forth
in the final budget if such revision is done in accord with
the applicable law. We find that Butte-Silver Bow, as a
local government with self government powers, has adopted
lawful procedures for such revision.

While we find that Butte-Silver Bow has adopted lawful
procedures and has the power to amend the final budget salary
schedule, we find that the facts of this case are such that
the attempted revision was not in accord with law. An
analysis of the facts demonstrates this:

Butte-Silver Bow became a consolidated government in
1977. The Butte-Silver Bow Charter temporarily set the
salaries for elected officials for the initial term. All
salaries were to be subsequently set by ordinance. In July
1980, several of the respondents, elected officials, formally
requested that their salaries be increased. These
respondents argued that they had not received a salary
increase since 1977 while many appointed officials had
received salary increases.

The Butte-Silver Bow governing committee recognized this
formal request, discussed the matter at a meeting, and passed
a motion granting the salary increase to begin January 1,
1981, and to be effective through June 30, 1981. At this
same time Butte-Silver Bow was in the process of adopting its
final budget and in Resolution 325, the final approval of the
1980-81 fiscal budget, the salary increases were specifically
included.

Then, on March 18, 1981, the commissioners passed Ordinance 134. This ordinance fixed the salaries for the respondents beginning January 5, 1981. These salaries were less than the appropriations contained in the final budget.

We find that this salary revision is more than merely a revision of the salary schedule contained in the final budget. When Butte-Silver Bow adopted the proposed salary increase by motion, set the specific amount, and set specific effective dates, and then included the increase in the final budget, such salary became fixed for that period and could not subsequently be revised.

The disposition in the above issue renders it unnecessary for this Court to address whether the wholesale adoption of one party's proposed findings of fact by the District Court is an abuse of discretion or clearly erroneous.

Insofar as the District Court held that Butte-Silver Bow has no power to amend salary figures used in a final budget, we reverse. Insofar as the District Court held that the procedure used in this instance was not lawful, we affirm. The award of salaries and attorney's fees shall stand.

Affirmed in part and reversed in part.

_William E. Hunt_
Justice

We Concur:

Justices

Mr. Chief Justice J. A. Turnage concurring in part and dissenting in part:

The majority decision correctly finds that Butte-Silver Bow, a local government with self-government powers, lawfully followed budget procedures and has the power to amend final budget salary schedules, which is precisely what Butte-Silver Bow did in this case.

That portion of the majority decision that affirms the District Court award of salaries in an amount different than the salaries provided for in Ordinance 134 and awarding attorney fees to respondents I would reverse.

The majority opinion, if it should be viewed as precedent, places an unwarranted burden on a consolidated government by forcing the governing body to precisely determine salaries, and perhaps other expenditures as well, when the budget is adopted on the second Monday in August of each year, notwithstanding the authority of the governing body to approve and adopt a resolution amending a final budget as provided by § 7-6-4231(3), MCA.

If, in the future, the majority opinion should be cited as precedent as to the portions thereof affirming the District Court, a majority of the Court hopefully then will note the problem of non sequitur concerning the facts and the law and view this case as an isolated instance of the common law of Butte-Silver Bow.

Chief Justice

- 6 -

Mr. Justice Fred J. Weber dissents as follows:

I respectfully dissent from the majority opinion. That opinion is based upon the action of the Butte-Silver Bow governing committee in passing a motion granting a salary increase from January 1, 1981, through June 30, 1981, and the adoption of Resolution 325 covering the fiscal budget including the same salary increases. The majority concludes that these actions constitute a fixing of the salaries which could not be revised. No specific authority was given for that conclusion, and I find none in the Charter of Butte-Silver Bow or in the statutes.

Section 3.02(h) of the Butte-Silver Bow Charter provides as follows with regard to salaries of elected officials and other compensation:

> "(h) COMPENSATION
>
> "The council of commissioners shall set by ordinance the annual salary of its members, the salaries of all other elected officials, and the number and salaries of the assistants of all other elected officials."

In accordance with the Charter provision, the council of commissioners adopted Ordinance 134 on March 18, 1981, which set the salaries of the plaintiff government officials. That action was not a revision of the budget but an adoption of salaries as required under the Charter. I can find no basis for disregarding the determination of salaries by Ordinance 134 adopted pursuant to Charter requirements for the fixing of salaries.

I would reverse the District Court.

_____
Justice

I join in the foregoing dissent of Mr. Justice Fred J. Weber.

_____
Justice

7