MR. JUSTICE HUNT
delivered the Opinion of the Court.
This case is before this Court a second time. In July 1981, the respondents, several elected officials of Butte-Silver Bow, sought a writ of mandate in the District Court to compel the appellants, Butte-Silver Bow, to pay them salaries in accord with the schedule of salaries used to determine the Butte-Silver Bow 1980-81 fiscal budget. The appellants, claiming that the budget figures were only estimates and not an amount required to be paid, successfully moved to quash the petition for writ and to dismiss. The respondents then appealed from that District Court order.
This Court was unable to make a determination on that appeal because the record was incomplete as to the nature of the budget resolution and the manner in which it passed. The resulting disposition was a remand for further hearing on that matter. See, Bukvich v. Butte-Silver Bow (Mont. 1982), [200 Mont. 259,] 650 P.2d 783, 39 St.Rep. 1727.
On remand the District Court held for the respondents and required the appellants to pay the salary figure used to determine the budget. This appeal followed.
We address two issues that are presented for review:
1. Whether a local government with self-government powers has the power to revise a salary schedule as it is set forth in a final budget if such revision is done in accord with the applicable laws.
2. Whether Butte-Silver Bow, as a local government with self-gov *204 ernment powers, revised the salary schedule set forth in its final budget in accord with the applicable law.
We find that the first issue must be answered in the affirmative, but the second issue must be answered in the negative. We, therefore, affirm in part and reverse in part.
Butte-Silver Bow is a charter form of government. A charter form of government possesses self-government powers, section 7-3-702, MCA, and it may exercise any power not prohibited by the constitution, law, or charter. Section 7-1-101, MCA. However, the budget matters of a local government with self-government powers are governed by state law. Section 7-l-114(g), MCA. County budget matters are governed by sections 7-6-2301 through 7-6-2352, MCA, and municipality budget matters are governed by sections 7-6-4201 through 7-6-4255, MCA.
Butte-Silver Bow is neither a county nor a municipality. It is a consolidated government. A consolidated government must adopt either the county or municipality provisions whenever the existing provisions conflict. Section 7-5-201, MCA. Butte-Silver Bow did adopt provisions regulating their budget matters. Ordinance 39, adopted by Butte-Silver Bow in 1977, established the budget procedures for Butte-Silver Bow. This adopted procedure is essentially the same as sections 7-6-4201 through 7-6-4255, MCA, the municipal budget law, and, as far as is relevant to this case, the adopted provisions are in accord with the Montana law governing budget matters.
The code section and the ordinance section that govern budget matters and that apply to the salary issue here state that upon a resolution adopted by the council at a regular or special meeting and entered upon its minutes, transfers or revisions within the general class of salaries and wages in the budget appropriation may be made, provided that no salary shall be increased above the amount appropriated therefor. Section 7-6-4236, MCA; Butte-Silver Bow Ordinance 39, section 8(1)(1977).
We find that a local government with self-government powers may revise a salary schedule that has been set forth in the final budget if such revision is done in accord with the applicable law. We find that Butte-Silver Bow, as a local government with self government powers, has adopted lawful procedures for such revision.
While we find that Butte-Silver Bow has adopted lawful procedures and has the power to amend the final budget salary schedule, we find that the facts of this case are such that the attempted revi *205 sion was not in accord with the law. An analysis of the facts demonstrates this:
Butte-Silver Bow became a consolidated government in 1977. The Butte-Silver Bow Charter temporarily set the salaries for elected officials for the initial term. All salaries were to be subsequently set by ordinance. In July 1980, several of the respondents, elected officials, formally requested that their salaries be increased. These respondents argued that they had not received a salary increase since 1977 while many appointed officials had received salary increases.
The Butte-Silver Bow governing committee recognized this formal request, discussed the matter at a meeting, and passed a motion granting the salary increase to begin January 1, 1981, and to be effective through June 30, 1981. At this same time Butte-Silver Bow was in the process of adopting its final budget and in Resolution 325, the final approval of the 1980-81 fiscal budget, the salary increases were specifically included.
Then, on March 18, 1981, the commissioners passed Ordinance 134. This ordinance fixed the salaries for the respondents beginning January 5, 1981. These salaries were less than the appropriations contained in the final budget.
We find that this salary revision is more than merely a revision of the salary schedule contained in the final budget. When Butte-Silver Bow adopted the proposed salary increase by motion, set the specific amount, and set specific effective dates, and then included the increase in the final budget, such salary became fixed for that period and could not subsequently be revised.
The disposition in the above issue renders it unnecessary for this Court to address whether the wholesale adoption of one party’s proposed findings of fact by the District Court is an abuse of discretion or clearly erroneous.
Insofar as the District Court held that Butte-Silver Bow has no power to amend salary figures used in a final budget, we reverse. Insofar as the District Court held that the procedure used in this instance was not lawful, we affirm. The award of salaries and attorney’s fees shall stand.
Affirmed in part and reversed in part.
MR. JUSTICES SHEEHY, MORRISON and HARRISON concur.